UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHERINE WAGNER,

                Plaintiff,

v.                                                             CASE # 19-cv-00320

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| WILLIAM C. BERNHARDI LAW OFFICES<br>  Counsel for Plaintiff<br>950-A Union Road<br>Suite 240<br>West Seneca, NY 14224 | TAYLOR CHRISTINE<br>SCHUBAUER, ESQ.<br>WILLIAM C. BERNHARDI |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | GRAHAM MORRISON, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is

**REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

I.     **RELEVANT BACKGROUND**

    A.     **Factual Background**

Plaintiff was born on May 25, 1976 and has a high school education. (Tr. 197, 202). Generally, plaintiff's alleged disability consists of spina bifida, syringomyelia, syringobulbia, neuropathy in right shoulder, myelopathy in right shoulder, chronic nerve pain, osteoarthritis in left fingers and bilateral knees, fatigue, malaise, and anxiety. (Tr. 201). Her alleged onset date of disability is December 19, 2014. (Tr. 169-176). Her date last insured is December 31, 2019. (Tr. 197).

    B.     **Procedural History**

On July 24, 2015, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 93). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 5, 2018, plaintiff appeared before the ALJ, Paul Georger. (Tr. 29-70). On March 15, 2018, ALJ Georger issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-28). On January 11, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

    C.     **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since December 19, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine, status-post fusion surgery, lumbar radiculopathy and thoracic syrinx. (20 CFR 44.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can lift, carry, push and pull 20 pounds occasionally, 10 pounds frequently; sit for up to 6 hours in an 8-hour workday; stand for up to 6 hours in an 8-hour workday and walk for up to 6 hours in an 8-hour workday; can occasionally climb ladders, ropes or scaffolds and can occasionally balance, stoop, kneel, crouch, or crawl.

6. The claimant is capable of performing past relevant work as a general inspector, as generally performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565 and 416.965).

(Tr. 12-24).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes essentially three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ's RFC finding that plaintiff can stand and walk for up to six hours in an 8-hour workday was unsupported by substantial evidence of record. (Dkt. No. 8 at 15). Second, the ALJ's finding that plaintiff has no limitations in mental functioning was unsupported by substantial evidence of record. (Dkt. No. 8 at 17). Third, the absence of limitations in the RFC for plaintiff's ability to handle and finger was unsupported by substantial evidence of record. (Dkt. No. 8 at 21).

### B. Defendant's Arguments

In response, defendant makes three arguments. First, defendant argues the ALJ properly determined plaintiff could stand and walk for up to six hours in an 8-hour workday. (Dkt. No. 9 at 6 [Def.'s Mem. of Law]). Second, the ALJ properly determined plaintiff did not demonstrate any mental functioning deficits. (Dkt. No 9 at 8). Third, the ALJ properly determined plaintiff did not have limitations regarding handling and fingering. (Dkt. No. 9 at 10).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Non-Severe Mental Impairments

The ALJ found plaintiff's medically determinable mental impairments of anxiety and depression to be non-severe. (Tr. 18). In addition to the typical five-step analysis outlined in 20 C.F.R. § 404.1520, the ALJ must apply a "special technique" at the second and third steps to evaluate alleged mental impairments. *See Kohler v. Astrue,* 546 F.3d 260, 265 (2d Cir.2008). As the Second Circuit has explained:

> This technique requires the reviewing authority to determine [at step two] first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 404.1520a(b)(1). If the claimant is found to have such an impairment, [at step three] the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," *Id.* § 404.1520a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* § 404.1520a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are identified, then the reviewing authority generally will conclude that the claimant's mental impairment is not 'severe' and will deny benefits. *Id.* § 404.1520a(d)(1).

The ALJ found no limitation in any of the four broad areas of mental functioning. (Tr. 18). Consequently, the RFC contained no mental limitations. (Tr. 20).

Plaintiff argues the ALJ's step two finding that plaintiff has no limitations in mental functioning is unsupported by substantial evidence of record. (Dkt. No. 8 at 18). Defendant responds that the ALJ's conclusion regarding the absence of mental limitations was proper because the record does not contain any evidence of mental health treatment or diagnosis, and any suggestion to the contrary is inconsistent with the evidence of record. (Dkt. No. 9 at 12). The ALJ did find plaintiff's anxiety and depression as medically determinable impairments. (Tr. 18). However, the ALJ's decision inexplicably neglected to discuss any of the treatment notes from treating sources pertaining to mental health. The record shows plaintiff was treated with

6

medication by her primary physician for generalized anxiety disorder. (Tr. 473, 476, 492). Evidence in the record confirms she stopped counseling with a social worker, for diagnosed social anxiety and panic attacks, due to being unable to afford copays. (Tr. 410, 471). Although an ALJ is not required to discuss in depth every piece of evidence contained in the record, the evidence of record must permit the Court to glean the rational of an ALJ's decision. Despite anxiety being an alleged disabling impairment at the time of application and testimony that she had difficulty with anxiety and panic attacks, the ALJ's decision only addresses the medical opinions. (Tr. 21). The Court is unable to glean how the mental impairments were found to be non-severe and the lack of mental limitations in the RFC. *See LaRock ex. rel. M.K. v. Astrue,* No. 10–CV–1019, 2011 WL 1882292, *7 (N.D.N.Y. Apr. 29, 2011)(An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision).

The ALJ frequently referenced findings of consultative examiner Susan Santarpia, Ph.D., in his step two analysis of the plaintiff's depression and anxiety. (Tr. 18). Plaintiff testified she has panic attacks two to three times a week without even leaving her house (Tr. 50). The ALJ referenced this testimony in his RFC analysis but never stated why they were not considered elsewhere, particularly in the broad functioning areas of concentrating, persisting or maintaining pace and understanding, remembering or apply information. Consistent with her diagnosis of social anxiety, records and testimony also indicate plaintiff does not like to be around people, does not like to ride in cars and has trouble leaving her home. (Tr. 54, 409-411). However, under the broad functional area of interacting with others the ALJ stated there was no limitations because plaintiff socialized with friends and family. (Tr. 18). As argued by plaintiff in her brief, the ALJ also did not address a psychiatric hospitalization in February 2015, particularly in the functional

area of adapting or managing oneself. Evidence of record shows that on February 21, 2015, plaintiff was admitted to Lake Shore Health Center for acute alcohol intoxication and a laceration to the left forearm. (Tr. 285-286). The treatment notes report that Plaintiff "cut [her] left forearm with kitchen knife. [Plaintiff] says she was slicing pepperoni and tripped on the dog with the knife in her hand." (Tr. 286). However, the case was treated as a psychiatric issue after her boyfriend reported she was threatening to kill herself and an examination was not consistent with an accidental cut while slicing food. (Tr. 290). She was hospitalized for four days and was discharged with a diagnosis of mood disorder, NOS (not otherwise specified) and alcohol abuse. (Tr. 294).

Indeed, "[w]here an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, No. 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb.18, 2010); *see also* 20 C.F.R. § 404.1523, 416.923 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). It is not evident from the decision if the ALJ considered plaintiff's anxiety and depression in assessing the RFC finding, regardless of severity. Such an omission is not a harmless error because the ALJ found plaintiff was able to perform her past relevant work which had an SVP of 4, indicating semi-skilled work, which may be inconsistent with mild limitations in mental functioning. *See* SSR 85-15 (S.S.A. 1985) ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, co-workers, and usual work situations; and to deal with changes in a routine work setting.)

## B. Opinion Evidence

State agency consultant H. Tzetzo opined plaintiff had mild restrictions under the "B criteria" in social functioning and maintaining concentration, persistence or pace. (Tr. 75). A state agency medical consultant constitutes expert opinion evidence which can be given weight if supported by the medical evidence in the record. *Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012). In this case, the ALJ gave great weight to the opinion of Dr. Tzetzo, however the ALJ then failed to explain why he did not find mild limitations in his decision.

The record also contains an opinion from plaintiff's primary physician regarding her mental impairments. (Tr. 427-429). On December 12, 2017, Dr. Roth opined in part:

> Plaintiff had "poor/none" ability to maintain regular attendance and be punctual within customary tolerances and a "fair" ability to carry out very short and simple instructions; maintain attention for extended periods of 2 hour segments; and complete a normal workday or workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 428).

The ALJ detailed the limitations assessed by Dr. Roth in his decision and in a rather conclusory manner stated he gave it partial weight because "the limitations are not supported by the objective medical evidence." (Tr. 24). No additional evidence was cited and as stated above, the decision on a whole did not discuss any of the treatment records pertaining to claimant's mental health.

Although it is an ALJ's duty to weigh all the evidence and resolve conflicts, there are factors that must be considered by an ALJ when considering the opinion from a treating source. The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether

the opinion is from a specialist." 20 C.F.R. §§ 404.1527(c)(2)(i)-(iv), 416.927(c)(2)(i)-(iv). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)). The ALJ's decision does not expressly or implicitly address the factors needed when rejecting a treating source opinion. The ALJ did state Dr. Roth's opinion was inconsistent with his earlier opinion, where he did not list any mental limitations. (Tr. 24). However, the ALJ was comparing a mental impairment limitations opinion form to a physical impairment limitations opinion form. Further a review of the earlier opinion, on the physical limitations form, shows it does list anxiety as a medical condition. (Tr. 492).

The combined error of inadequately addressing plaintiff's mental health treatment records, testimony regarding mental limitations, and the treating source opinion warrants remand. An ALJ must "conduct a distinct analysis that would permit adequate review on appeal," *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013). When an ALJ does "not connect the record evidence and RFC findings" or otherwise "explain how the record evidence supported his RFC findings," the decision leaves the court "with many unanswered questions and does not afford an adequate basis for meaningful judicial review." *Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018).

Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. See, e.g., Bell v. Colvin, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach

arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: April 10, 2020  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge